Zatuchni & Associates, LLC
287 South Main Street
Lambertville, NJ 08530
(609) 243-0300
Attorneys for Plaintiff
DZ-2516

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY COSGROVE; TODD JOHNSON; ROCCO FURFERO; THOMAS CROWLE; JONATHAN D. JENNINGS; JIMMIE JOHNSON; KAREEM MOORE; DONELLE BRITTON; BRYAN JONES, KEVIN BENNETT; HOWARD HUEY; BLAKE GOYDIC; RAYSHAWN MOORE; LOUIS PROCIDA; BEN KELLER; DYLAN DIPUMA; CHRIS DICKEY; NICHOLAS MANCHISE; CLIVE WATSON; EDDIE FUTRELL; JOSEPH FONTANEZ; MICHAEL GIORDANO; ANTHONY RAPETTE; JAY SHAPIRO; DONALD DORT; KEN JOHNSTON; KAURI QUALLS; ARLEN SAXTON; LUIS MORALES; JODY HAWKEN,<br><br>                    Plaintiffs,<br>     v.<br><br>VEOLIA ES INDUSTRIAL SERVICES, INC.; VEOLIA ES TECHNICAL SOLUTIONS, LLC; VEOLIA ENERGY SOLUTIONS, LLC; VEOLIA ENERGY OPERATING SERVICES, LLC; VEOLIA ENERGY TRENTON, L.P.; VEOLIA ENERGY NORTH AMERICA, LLC; VEOLIA ES ENTERPRISE SOLUTIONS, LLC; VEOLIA NORTH AMERICA, LLC; VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA CORP.; JOHN DOE CORPORATION 1-10 and other entities,<br>                    Defendants. | CIVIL ACTION<br><br>Case No. 2:18-cv-00173-KSH-CLW<br><br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND |

Plaintiffs, by and through their counsel, by way of Complaint against Defendants, hereby state and allege as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiffs bring this claim against the Defendants for failure to pay prevailing wages as required under the (1) New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56-25 et seq., (2) Prevailing Wage for Construction Work On A Public Utility, N.J.S.A. 34:13B-2.1 and N.J.S.A. 34:13B-16, and/or (3) Prevailing Wage Requirement, Construction Undertaken with BPA Financial Assistance, N.J.S.A. 48:2-29.47 (collectively, the "NJ Prevailing Wage Statutes").

2. The Defendants in this case are all affiliated corporate entities owned, either directly or through other affiliated companies, by the French transnational parent company Veolia Environnement S.A., operating under the corporate family name of "Veolia."

3. Upon information and belief, in the United States, Veolia operates under the controlling auspices of a network of subsidiary companies, including Defendants Veolia North America, LLC, Veolia Environmental Services North America Corp., and others.

4. In New Jersey, Veolia provides work covered by and subject to the Prevailing Wage Statutes to public utilities, including the Public Service Electric and Gas Company (PSEG).

5. Upon information and belief, including filings with the Secretary of State and Department of Labor, Veolia provides these services in New Jersey through currently named Defendants Veolia ES Industrial Services, Inc., Veolia Technical Solutions, LLC, Veolia Energy Solutions, LLC, Veolia Energy Operating Services, LLC, Veolia Energy Trenton, L.P., Veolia

Energy North America LLC, and Veolia ES Enterprise Solutions, LLC (all collectively "Veolia").

6. The Plaintiffs in this action were at all relevant times employed by one or more of the Defendants Veolia companies as laborers and workmen at public utility facilities.

7. Upon information and belief, most of the Plaintiffs understood their formal "employer" to be Veolia ES Industrial Services, Inc. and/or Veolia ES Technical Solutions, LLC. Others have been advised that they just work for "Veolia." Further, the Plaintiffs have been given confusing and conflicting information regarding which corporate entity is their respective employer as some or all of their pay stubs have at various times indicated their employer to be "Veolia North America" located at 101 W. Washington Street, Suite 1400E, Indianapolis, Indiana 46204. Given the opaqueness of Veolia's corporate structure, the web of affiliated entities operating in New Jersey, and conflicting information provided to the Plaintiffs themselves, upon information and belief, the Plaintiffs in this action have engaged in work within the State subject to the Prevailing Wage Statutes under the auspices of one or more or each of the named corporate entity Defendants.

## PARTIES

8. Plaintiffs are each individuals residing in or around the State of Jersey that were at all relevant times employed in New Jersey by Veolia in the capacity of operators, drivers, supervisors, and environmental technicians.

9. Upon information and belief, Defendant Veolia ES Industrial Services, Inc. is organized as corporation under the laws of Illinois, and is registered to conduct business in New Jersey.

10. Upon information and belief, Defendant Veolia ES Technical Solutions, LLC is organized as corporation under the laws of Delaware, and is registered to conduct business in New Jersey.

11. Upon information and belief, Veolia Energy Solutions, LLC is organized as a limited liability company under the laws of Delaware, and is registered to conduct business in New Jersey.

12. Upon information and belief, Veolia Energy Operating Services, LLC is organized as limited liability company under the laws of Massachusetts, and is registered to conduct business in New Jersey.

13. Upon information and belief, Veolia Energy Trenton, L.P. is organized as a Limited Partnership under the laws of New Jersey with its principal place of business located at 320 South Warren Street, Trenton, New Jersey 08608.

14. Upon information and belief, Veolia Energy North America, LLC is organized as a limited liability company under the laws of Wisconsin, and is registered to conduct business in New Jersey.

15. Upon information and belief, Veolia ES Enterprise Solutions, LLC is organized as a limited liability company under the laws of Delaware, and is registered to conduct business in New Jersey.

16. Upon information and belief, Defendants Veolia North America LLC and Veolia Environmental Services North America Corporation are holding and/or parent companies to the other Veolia entities named above. It is currently unknown in which State they were organized. They are not formally registered to conduct business in New Jersey.

17. Upon information and belief, Veolia maintains its principal places of business in New Jersey at 125 Factory Lane, Middlesex, NJ 08846 and also at 1 Eden Lane, Flanders, NJ 07836.

## BACKGROUND FACTS

18. PSEG is a public utility electricity and gas company that is regulated by the Public Utility Commission under the provisions of Title 48 of the New Jersey Revised Statutes.

19. As a result of the damage caused by Hurricane Sandy, PSEG sought and obtained Public Utility Commission approval in 2014 for $1.22 billion project known as the Energy Strong Program.

20. The Public Utility Commission issued its Order Approving Stipulation of Settlement of the PSEG Energy Strong Program effective May 23, 2014.

21. The Energy Strong Program, as approved by the Commission, requires PSEG to spend the monies on "upgrading" approximately 30 switching stations flooded during the Hurricane, to modernize 250 miles of low-pressure cast-iron gas mains in or near flood areas, to add "redundancy" to the power grid, and to upgrade natural gas metering stations.

22. PSEG's own literature regarding the Energy Strong Program states that the utility "put thousands of skilled contractors and laborers to work" at it facilities.

23. As part of the Energy Strong Program, PSEG engaged in extensive construction, reconstruction, installation, demolition, restoration, and alteration at its facilities. This included for example, demolition of transformers at approximately 30 different electrical stations and the installation of new and larger transformers at each of these facilities.

24. This reconstruction work also included, by way of further example, extensive re-conducting, reconstruction, and installation of underground electrical pipes across New Jersey at PSEG sites.

25. PSEG at all relevant times retained and used the services of Veolia in connection to the demolition, installation, restoration, and reconstruction of transformers at PSEG electrical stations.

26. PSEG also at all relevant times retained and used the services of Veolia in connection to the re-conducting, restoration and reconstruction of PSEG electrical pipes and facilities.

27. The Plaintiffs in this action, as Veolia employees, at all relevant times provided prevailing wage labor at PSEG facilities, including electric stations, throughout the State of New Jersey, as operators, drivers, supervisors, and environmental technicians.

28. The Plaintiffs generally documented their work and hours at PSEG sites on "PSEG Service Receipt" forms with "Veolia" letterhead and other similar documents that were submitted to Veolia supervisors and management. Upon information and belief, all such PSEG Services Receipts and related PSEG work documentation have been maintained by Veolia in accordance with regulatory requirements and by PSEG as well.

29. With respect to their work at PSEG facilities, Plaintiffs were at all relevant times engaged in "construction work on a public utility" as defined in N.J.S.A. 34:13B-16, as their work involved and was connected to construction, reconstruction, installation, demolition, restoration and alterations of facilities of a public utility.

30. The Plaintiffs were at all relevant times entitled to be paid prevailing wage rates by Veolia for their work as operators, supervisors, drivers, and environmental technicians at PSEG facilities.

31. Veolia at all relevant times failed to pay Plaintiffs the prevailing wage rates and supplements to which the Plaintiffs were entitled.

32. Plaintiffs seek to recover the prevailing wages and supplements to which they were entitled but did not receive under the NJ Prevailing Wage Statutes.

**COUNT I - VIOLATION OF LAW WITH RESPECT TO PREVAILING WAGE FOR CONSTRUCTION WORK ON A PUBLIC UTILITY**

33. Plaintiffs incorporates and restates each of the allegations contained in the preceding paragraphs as if set forth at length herein.

34. Veolia violated N.J.S.A. 34:13B-2.1 and 34:13B-16 by failing to pay Plaintiffs the required and proper prevailing wage rates to which they were entitled for work at PSEG facilities.

35. As a result, Veolia is liable to Plaintiffs for all unpaid and due prevailing wages to which Plaintiffs are entitled.

WHEREFORE, Plaintiffs demand the following damages and relief:

a. Judgment in favor of the Plaintiffs;

b. Compensatory damages for all unpaid prevailing wages and supplements;

c. Appropriate and/or statutory interest;

d. Attorneys fees;

e. Costs of suit;

f. Any other relief that this Court deems just and equitable.

## COUNT II - VIOLATION OF LAW WITH RESPECT TO PREVAILING WAGE FOR CONSTRUCTION WORK UNDERTAKEN WITH BPU FINANCIAL ASSISTANCE

36.　Plaintiffs incorporate and restate each of the allegations contained in the preceding paragraphs as if set forth at length herein.

37.　Veolia also violated N.J.S.A. 48:2-29.47 by failing to pay Plaintiffs the required and proper prevailing wages rates to which they were entitled for work at PSEG facilities with respect to the Energy Strong Program.

38.　N.J.S.A. 48:2-29-47 provides that the "prevailing wage rate shall be paid to workers in the performance of any construction undertaken in connection with Board of Public Utilities financial assistance...."

39.　"Financial assistance" is further defined in the law as "any tax exemption, abatement, or other incentive or any rebate, credit, loan, loan guarantee, expenditure, investment, grant, incentive, or other financial assistance which is, in connection with construction, approved, funded authorized, administered or provided by the Board of Public Utilities..."

40.　All construction, renovation and preparation work by and for PSEG at its facilities, as engaged in by the Plaintiffs, pursuant to the Energy Strong Program was approved and authorized by the Board of Public Utilities.

41.　As a financial incentive and/or assistance to PSEG for its expenditures in implementing and carrying out the Energy Strong Program, the Board of Public Utilities authorized and agreed to grant and allow PSEG certain rate hikes to which PSEG would not otherwise have been entitled.

42.　Accordingly, the Plaintiffs were entitled to the prevailing wage rate with respect to all work done by them at PSEG facilities pursuant to the Energy Strong Program.

8

43. Veolia at all relevant times failed to pay Plaintiffs the prevailing wage rates and supplements to which the Plaintiffs were entitled for such work.

44. As a result, Veolia is liable to Plaintiffs for all unpaid and due prevailing wages to which Plaintiffs are entitled.

WHEREFORE, Plaintiffs demand the following damages and relief:

a. Judgment in favor of the Plaintiffs;

b. Compensatory damages for all unpaid prevailing wages and supplements;

c. Appropriate and/or statutory interest;

d. Attorneys fees;

e. Costs of suit;

f. Any other relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ David Zatuchni*

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiffs

Dated: January 8, 2018

## DESIGNATION OF TRIAL COUNSEL

David Zatuchni, Esq. is hereby designated as trial counsel in this matter.

*/s/ David Zatuchni*

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiffs

Dated: January 8, 2018

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims.

*/s/ David Zatuchni*

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiffs

Dated: January 8, 2018